IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAZZAAQ MILLER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN MICHELLE FERRELL, et al., | : | |
| Respondents. | : | No. 14-78 |

**REPORT & RECOMMENDATION**

TIMOTHY R. RICE                                                                                            July 10, 2014
U.S. MAGISTRATE JUDGE

      Petitioner Razzaaq Miller, a prisoner in the Curran-Fromhold Correctional Facility in Philadelphia, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.  I recommend Miller's petition be dismissed with prejudice as non-cognizable.

PROCEDURAL HISTORY

      On December 12, 2003, Miller was convicted of carrying firearms without a license and related offenses.  Commonwealth v. Miller, CP-51-CR-1005171-2003, ("gun case") Crim. Docket at 2, 4.  On July 29, 2004, he was sentenced to 36-to-72 months incarceration and three years probation.  Id. at 8.  On May 16, 2005, the Pennsylvania Superior Court affirmed.  2403 EDA 2004 at 3.  On December 1, 2005, the Pennsylvania Supreme Court denied review.  Id.  The docket shows that, at some point, Miller violated his probation and a detainer was lodged against him.  Gun Case Docket at 12.  On May 23, 2011, the trial court continued a hearing on the violation.  Id.  As of April 30, 2012, no date for that hearing had been set.  Id.

      On January 13, 2012, Miller was arrested for firearm and drug offenses.  Commonwealth v. Miller, CP-51-CR-3856-2012, ("drug case") Crim. Docket at 1-3; Comwlth. Resp. (doc. 24) at 1.  On February 2, 2012, the case was continued because Miller's attorney had a different

hearing to attend. Commonwealth v. Miller, MC-51-CR-1973-2012, Crim. Docket at 4. On March 27, 2012, some of Miller's charges were dismissed due to lack of evidence. Id.

On May 15, 2012, Miller's attorney failed to appear for a pretrial conference, which resulted in a continuance. Drug Case Docket at 5. On May 22, 2012, Miller's counsel sought a continuance for further investigation. Id. At a May 29, 2012 pretrial conference, Miller rejected the Commonwealth's plea offer and the case was listed for trial and possible motions. Id.; Comwlth. Resp. at 2. On June 19, 2012, Miller's attorney stated Miller had been dissatisfied with his performance and Miller had been thinking about retaining a different attorney, which resulted in another continuance until July 12, 2012. Comwlth. Resp. at 3. During a July 12, 2012 scheduling conference, it was noted that Miller's counsel would remain and the case was again listed for trial. Drug Case Docket at 6.

On October 25, 2012, the trial court granted Miller's motion to continue when a witness failed to appear. Id. On November 16, 2012, the court did not have a sheriff available to bring Miller to court, therefore, the case was relisted and the time was ruled excludable. Id.; Comwlth. Resp. at 3. Another continuance was granted on January 4, 2013, after Miller's counsel filed a motion to withdraw due to a conflict. Drug Case Docket at 7; Comwlth. Resp. at 3.

Miller then filed several pro se motions, including a May 2, 2013 motion to compel, a September 6, 2013 motion to quash, and a December 10, 2013 motion to dismiss pursuant to Pennsylvania's Rule of Criminal Procedure 600.[1] Drug Case Docket at 7-9. In the meantime, on December 10, 2013, the trial court granted Miller's counsel's advance request for a continuance. Id. at 7. On the same date, the trial court denied Miller's motion to quash and Rule 600 motion because every continuance was due to the defense's request and the prosecution was never

---

[1] Rule 600 provides that a trial generally shall commence within 365 days of a written complaint being filed. Pa. R. Crim. P. 600(A)(2).

unprepared.  Id. at 8; Comwlth. Resp. at 3-4.  The case is currently listed for a pretrial conference on November 3, 2014, and a three-day trial beginning on November 5, 2014.  Drug Case Docket at 9.  On January 28, 2014, Miller filed an amended motion to dismiss pursuant to Rule 600, which is still pending.  Id.

On December 31, 2013, Miller filed his habeas petition, alleging: (1) he is being held pursuant to a detainer that expired on November 27, 2012; and (2) a violation of his right to a speedy trial.  Habeas Pet. (doc. 1) at 3-4.

It is unclear when Miller was released.  On April 16, 2014, however, Miller was arrested for attempted murder and related offenses.  Commonwealth v. Miller, CP-51-CR-5820-2014, Crim. Docket at 1.  On May 20, 2014, he was held for court.  Id. at 4.  On June 9, 2014, a hearing notice was docketed.  Id.

On June 10, 2014, the Commonwealth responded to Miller's habeas petition, arguing that his claims are unreviewable, meritless, and/or unexhausted.  Comwlth. Rep. at 1, 4.  On June 26, 2014, Miller filed a reply brief.[2]  Habeas Reply (doc. 29).

## DISCUSSION

Federal courts may issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a judgment has been rendered.  § 2241(c)(3); see also Moore v. deYoung, 515 F.2d 437, 443 (3d Cir. 1975) (courts have pretrial habeas corpus jurisdiction under § 2241).  A prisoner first must exhaust his claims in state court.  See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489-92 (1973); Moore, 515 F.2d at 442 (no distinction between required exhaustion in § 2241 and § 2254 claims).  "[S]tate prisoners must give the state courts one full opportunity to resolve

---

[2]   In a June 24, 2014 Order, I denied Miller's motion for an extension of time to file a brief, pending review of the parties' briefs.  6/23/14 Order (doc. 28).  Miller then filed a June 26, 2014 reply.  Having reviewed the petition and briefs, additional briefing is not necessary.

constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerkel, 526 U.S. 838, 845 (1999).

The petitioner bears the burden of establishing exhaustion. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)). Exhaustion may be excused only if "extraordinary circumstances are present." Moore, 515 F.2d at 443. An alleged speedy trial violation is not an "extraordinary circumstance" that requires federal intervention before the courts have had an opportunity to consider that claim. Id. at 446.

I.  Detainer and Rule 600 Claims

Miller claims he is being held pursuant to a detainer lodged for his violation of probation in his 2004 gun case "which was maxed out on November 27, 2012." Habeas Pet. at 3; Gun Case Docket at 1, 12-13; see Comwlth. Br. at 5. He argues that, although the state parole board lifted the detainer, a judge failed to release him. Id. Miller further notes that he posted bail, which was noted on his 2012 drug case docket, but has not been released for almost two years. Id.; MC-51-1973-2012 at 4.

The detainer relates to Miller's violation of his probation after he was convicted and sentenced in the 2003 gun case.[3] Because he is not challenging his pretrial detention in that case, a § 2241 habeas petition is not the appropriate remedy. § 2241(c)(3); see also Moore, 515 F.2d at 443,  Thus, this claim is non-cognizable.

Miller also alleges, as to his 2012 drug case, that he has been incarcerated for two years without a trial and his counsel has abandoned him. He claims he exhausted this claim in his Rule 600 motion. Habeas Pet. at 4. Because Miller bases his claim on Rule 600, a state rule and not

---

[3] The Commonwealth asserts that the gun conviction is not the only case requiring Miller's detention, referencing his attempted murder charges and related offices. Comwlth. Br. at 5 n.1. Miller, however, is not challenging his detention related to his attempted murder charges, because they were filed against him after he filed his habeas petition.

the Sixth Amendment, it is not cognizable under § 2241. Habeas relief is available only if there has been a violation of the Constitution, laws or treaties of the United States.[4] See § 2241(c)(3); Drug Case Docket at 8, 9; Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implicate a federal constitutional guarantee."); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

To the extent Miller is challenging his detention because he posted bail, he has failed to show that he exhausted that claim in state court. Werts, 228 F.3d at 192. Miller also has failed to allege any circumstances that would excuse exhaustion.[5] See Moore, 515 F.2d at 443, 446.

Accordingly, I make the following:

---

[4] Even if Miller had alleged a speedy trial violation based on the Sixth Amendment, it would be unexhausted and meritless. The Commonwealth notes that Miller did not present a federal speedy trial claim in state court, Comwlth. Resp. at 6 n.3, and Miller does not allege otherwise. Miller also has failed to allege any circumstances that would excuse exhaustion. See Moore, 515 F.2d at 443, 446. Additionally, because all continuances were at Miller's request, a Sixth Amendment claim would fail. See id.; Vermont v. Brillon, 556 U.S. 81, 91 (2009) (delays by defendant's attorney charged against defendant).

[5] In his reply brief, Miller makes several allegations about the individual who was arrested with him and found guilty of possession. Habeas Reply at 2. These facts are irrelevant in determining whether Miller presents a cognizable, exhausted habeas claim regarding speedy trial rights.

## R E C O M M E N D A T I O N

AND NOW, July 10, 2014, it is respectfully recommended that the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[6] Petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[6] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.